**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: DENVIL C. WORKMAN,
a protected person,

BEVERLY WORKMAN,

                Plaintiff,

v.                                        CIVIL ACTION NO. 2:05-cv-00298

CONSOL ENERGY, INC., and
JAMES R. SHAFFER,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendants' motion to stay pending exhaustion of administrative remedies [Docket 6]. Even though the motion is unopposed, the court still must analyze whether a stay is proper. For the reasons explained herein, the court **FINDS** that a stay is proper and **GRANTS** the defendants' motion.

This matter arises out of the plaintiff's request for employee benefits pursuant to the Coal Act Benefit Plan, which is governed by ERISA. The plaintiff, Beverly Workman, participated in the plan as the spouse of Denvil Workman, a retired former employee of CONSOL Energy, Inc. The defendants claim that before a federal court can decide whether the plaintiff is entitled to benefits, the plaintiff is required to exhaust the administrative remedies outlined by the plan.

Although ERISA does not explicitly contain an exhaustion requirement, "an ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he

participates as a prerequisite" to an ERISA action in federal court for denial of benefits. *Smith v. Syndor*, 184 F.3d 356, 361 (4th Cir. 1999); *Makar v. Health Care Corp.*, 872 F.2d 80, 82 (4th Cir. 1989). Requiring exhaustion of administrative remedies gives force to a plan's provisions for internal dispute resolution. *Makar*, 872 at 83. This requirement also "enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Id*.

If the plaintiff exhausts her administrative remedies under the plan's provisions and is unsatisfied with the result, then the plaintiff may seek review in this court. Accordingly, the court **GRANTS** the defendants' motion and **STAYS** this action pending the plaintiff's exhaustion of administrative remedies.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 20, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE